| ,PETTIGREW, Judge,
dissenting.
I respectfully dissent from the majority.
The term “historical fact of a guilty plea” is not used anywhere in La. R.S. 27:76. This is a jurisprudentially created term. La. R.S. 27:76 provides, in part, as follows.
The division shall not award a license or permit to any person who is disqualified on the basis of any of the following criteria:
[[Image here]]
(3) The conviction of or a plea of guilty or nolo contendere by the applicant, or of any person required to be qualified under this Chapter as a condition of a license, for an offense punishable by imprisonment of more than one year.
The statute uses present tense terminology, not past tense terminology. No where does the statute attempt to define exactly what constitutes a “conviction,” or a “plea of guilty,” or what is meant by “nolo contendere.” No where does the gaming law specifically repeal other state statutes and laws concerning these terms. To find the definitions of “conviction,” “plea of guilty” or “nolo contendere,” we must look to other laws of the State of Louisiana, including, but not limited to, the Louisiana Code of Criminal Procedure and other state statutes dealing with criminal law. These statutes include, but are not limited to, the former La. R.S. 40:983, which was repealed in 1995, as it pertains to Mr. Guillot in this case.
Former La. R.S. 40:983, in part, provides:
A. Whenever any person who has not previously been convicted of any offense under this Part pleads guilty to or is convicted of having violated ... R.S. 40:967(C) ■ • • the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.
[[Image here]]
1?C. Upon fulfillment of the terms and conditions of probation imposed ... the court shall discharge such person and dismiss the proceedings against him. *564 D. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime ....
La. R.S. 40:983 (emphasis added) (repealed by Acts 1995, No. 1251, § 2).
In the case of Louisiana State Bar Association v. Reis, 513 So.2d 1173, 1176 (La.1987), the Louisiana Supreme Court held that a dismissal of prosecution pursuant to La. R.S. 40:983 is tantamount to an acquittal. If a dismissal in this fashion is in fact an acquittal, then there is no guilty plea, legal or otherwise, and such a plea cannot be used against Mr. Guillot.
I also find that La. R.S. 27:26(3) is unconstitutional, as it is in contravention of Article 1, Section 3, of the Louisiana Constitution of 1974. I am concerned by the legislature’s disparate treatment of similarly situated persons who apply for a video poker license under La. R.S. 27:310 et seq., or a gaming permit under La. R.S. 27:76. I see no rational basis or legitimate government purpose in allowing an individual to be granted a license for video poker as long as no criminal offense occurs within 10 years prior to the date of application, while at the same time prescribing a limitless disqualification to those individuals seeking a gaming permit to work in a casino. There can be no doubt that casino owners will be watching gaming permit-tees extremely close, certainly closer than any state agency.
I am further of the opinion that La. R.S. 27:76(3) is unconstitutional as it also contravenes Article 1, Section 20, of the Louisiana Constitution of 1974. To prohibit an individual such as Mr. Guillot, who was never convicted of a crime, from ever holding a gaming employee permit, constitutes excessive and unusual punishment and contravention of said constitutional provision. Therefore, for the foregoing reasons, I must respectfully dissent from the majority’s opinion in this case. In my opinion, the judgment of the trial court should be affirmed.